## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cr-00170-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| ALEXANDER D. MOORE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion for Compassionate Release, (ECF No. 65), filed by pro se Defendant Alexander Moore ("Defendant").[1]  The Government filed a Response, (ECF No. 67), and Defendant filed a Reply, (ECF No. 68).  For the reasons discussed below, Defendant's Motion is **DENIED**.

**I.   BACKGROUND**[2]

On November 1, 2016, Defendant pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). (*See* Mins. Proceedings, ECF No. 55).  On February 2, 2017, the Court sentenced Defendant to 63 months' custody followed by 3 years' supervised release. (*See* J., ECF No. 64); (Mins. Proceedings, ECF No. 60).  Defendant is presently in custody at the Terminal Island Federal Correctional Institution ("Terminal Island FCI"). (*See* Def.'s Mot. Compassionate Release at 2, ECF No. 65).  Defendant now petitions this Court for compassionate release.

---

[1] On June 22, 2020, the Federal Public Defender filed a Notice of Non-Supplementation, (ECF No. 66).
[2] The parties are familiar with the facts, so the Court will not repeat them here except where necessary to resolve the Motion.

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13. The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.* The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

Defendant petitions this Court for compassionate release, arguing that the COVID-19 pandemic's spread through Terminal Island FCI, in combination with Defendant's age, race, and mental health present "extraordinary and compelling reasons" for his release from custody. (*See* Def.'s Mot. Compassionate Release ("Mot.") at 2–9, ECF No. 65). Defendant seeks release to home confinement. (*Id.* at 7). The Government opposes, arguing that the Bureau of Prison's efforts have been successful in reducing the number of COVID-19 cases at Terminal Island FCI; Defendant's age, race, and mental health are not consistent with risk factors

recognized by the Centers for Disease Control and Prevention ("CDC"); and Defendant remains a danger to the community. (Resp. at 11–15, ECF No. 67).

### A.      Exhaustion

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).  Here, Defendant submitted his petition for compassionate release to the warden on May 5, 2020. (Mot. at 9).  The warden denied that petition on June 2, 2020. (*Id.*); (Warden's Denial Letter, Ex. A to Mot., ECF No. 65).  Defendant then filed the instant Motion on June 19, 2020.  Thus, it appears at least 30 days elapsed between the warden's receipt of Defendant's request and Defendant's filing of this Motion.

In light of the above, and because the Government does not dispute that Defendant has met the exhaustion requirement, (Resp. at 6), the Court finds Defendant has sufficiently exhausted his administrative remedies.

### B.      Extraordinary and Compelling Reasons

Defendant first contends his release is warranted because he is 51 years of age and African American. (Mot. at 3).  Defendant asserts these are two characteristics "being disproportionately represented among the people who are contracting and dying of COVID-19." (*Id.*).  Indeed, the COVID-19 pandemic is grave and there is little doubt that certain conditions put individuals at higher risk of COVID-19 complications.  For example, under the CDC guidance, individuals who are in their "60s or 70s are, in general, at higher risk for severe illness" from the virus,[3] and the risk increases if the individual has underlying medical

---

[3] *See Older Adults and COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Oct. 21, 2020).

conditions like type 2 diabetes.[4]  However, being African-American or 51 years old are not risk factors identified by the CDC.  Further, Defendant does not provide any evidence showing that his age and race put him at greater risk for severe illness from COVID-19.

Defendant next argues that his mental health is suffering because he is extremely worried about contracting COVID-19, and he is unable to consistently contact his family due to "irregular phone access." (Mot. at 7).  First, while Defendant states that he "certainly evinces" depression and anxiety, Defendant provides no evidence that he has been diagnosed with these conditions. (*Id.* at 6).  Moreover, the CDC does not list mental health conditions among diagnoses that put individuals at heightened risk for severe COVID-19 related illness. *See* CDC Report.  Given how speculative the relationship is between mental illness and the body's ability to fight COVID-19, the Court does not find that the relationship is an extraordinary and compelling reason for Defendant's release.

Lastly, Defendant contends that he should be released because there are hundreds of Terminal Island FCI inmates and several staff members which have tested positive for the virus. (Mot. at 2).  The Government responds that "although FCI Terminal Island has recently suffered from multiple inmates and staff testing positive for COVID-19, the situation appears to be improving, with 674 inmates and 15 staff having recovered." (Resp. at 13).  In any event, the number of infected inmates and staff members alone does not warrant Defendant's release. *See United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

---

[4] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 21, 2020) (listing underlying conditions that put "[p]eople of any age . . . at increased risk of severe illness from COVID-19" and listing Type 2 diabetes mellitus as a definite risk diagnosis) ("CDC Report").

In sum, Defendant fails to demonstrate that he is at high risk to become severely ill from COVID-19, and thus, has not carried his burden to show that "extraordinary and compelling reasons" warrant a reduction in his sentence.  Accordingly, the Court does need to address whether Defendant's release would pose a danger to the community or any of the factors set forth in 18 U.S.C. § 3553(a).  Defendant's Motion for Compassionate Release is denied.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 65), is **DENIED**.

**DATED** this   22    day of October, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court